Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Evan Littman (Bar No. 358272)
elittman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (310) 437-8665
Facsimile:    (310) 943-2085

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>MICAELA ERLANGER, an individual and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.:   2:25-cv-4540<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, BackGrid USA, Inc. ("BackGrid"), complains against Defendant, Micaela Erlanger ("Ms. Erlanger"), an individual, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendant and its agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendant Micaela Erlanger's press outreach, social media accounts, and website are directed to and consumed by Southern California readers. Moreover, Ms. Erlanger regularly styles celebrities in Los Angeles for Hollywood events, such as the Oscars, the Critics' Choice Awards, the Emmys, and many more. Ms. Erlanger's use of the Celebrity Photos directly target potential celebrity clients. According to her own website, Ms. Erlanger has been ranked as one of *The Hollywood Reporter*'s "Most Powerful Stylists." She also works on Southern California-based shows such as "Entertainment Tonight" and "Extra."

## PARTIES

3. Plaintiff BackGrid USA, Inc. is a California corporation with its principal place of business located in Los Angeles, California.

4. Defendant Micaela Erlanger is an individual who resides in New York, New York.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*BackGrid and the Photographs that Frame This Dispute*

6. BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, BackGrid owns coveted photographs of celebrities, including Lupita Nyong'o (hereinafter the "Nyong'o Photographs"). All rights, title and interest in the Nyong'o Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by BackGrid.

8. BackGrid filed for copyright registration of the Nyong'o Photographs within 90 days of their first publication with the United States Copyright Office. *See* VA0002336527.

*Defendant and Her Willful Infringing Activity*

9. Defendant Micaela Erlanger is an author, fashion icon, entrepreneur, brand partner, and high-profile celebrity stylist. According to her website, she regularly works with A-list celebrities such as "Meryl Streep, Lupita Nyong'o, Common, Diane Kruger, Sigourney Weaver, Lucy Hale, Amanda Hearst, and

3
**COMPLAINT**

Shailene Woodley." Ms. Erlanger operates and controls the Instagram account at issue in this dispute, located at @micaela (the "Instagram Account").

10. Ms. Erlanger violated federal law by willfully infringing BackGrid's copyrights to at least 2 photographs on, at least, the Instagram Account. Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of the Instagram Account, including screenshots of the 2 infringed photographs at issue in this lawsuit.

11. Additionally, Ms. Erlanger induced, caused, or materially contributed to the reproduction, distribution and public display of the Nyong'o Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on her accounts were without permission, consent, or license. By uploading the Nyong'o Photographs to the Instagram Account, Ms. Erlanger encourages her fans to "share" the photographs, thus, causing others to also willfully infringe and multiplying the harm to BackGrid.

12. On information and belief, Ms. Erlanger operates and controls her Instagram Account at all times relevant to this dispute and financially benefits from the infringement of the Nyong'o Photographs displayed thereto. On information and belief, Ms. Erlanger has driven significant traffic to her Instagram Account in large part due to the presence of the sought after and searched-for Nyong'o Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of her infringing actions.

13. BackGrid attempted to resolve this lawsuit with Ms. Erlanger prior to filing this action. However, BackGrid made exhaustive efforts to communicate with Ms. Erlanger through counsel and discuss a resolution in good faith, Ms. Erlanger stopped responding to BackGrid. Ms. Erlanger's refusal to substantively engage with BackGrid left BackGrid with no other choice but to file this lawsuit.

**COMPLAINT**

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 501)**

14. BackGrid incorporates hereby reference the allegations in paragraphs 1 through 13 above.

15. BackGrid is the owner of all rights, title, and interest in the copyrights of the Nyong'o Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

16. BackGrid filed for copyright registration of the Nyong'o Photographs within 90 days of their first publication with the United States Copyright Office.

17. Defendant has directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by reproducing, displaying, distributing, and utilizing the Nyong'o Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

18. All of the Defendant's acts are and were performed without permission, license, or consent of BackGrid.

19. BackGrid has identified at least 2 instances of infringement by way of unlawful reproduction and display of BackGrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

20. As a result of the acts of Defendant alleged herein, BackGrid has suffered substantial economic damage.

21. Defendant has willfully infringed, and, unless enjoined, will continue to infringe BackGrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Ms. Erlanger's encouragement of the infringement and financial benefit she receives from BackGrid's copyrights.

22. Ms. Erlanger is well aware of the value of intellectual property. She has availed herself of the protections of United States trademark law. Ms. Erlanger

filed multiple trademark applications with the United States Patent and Trademark Office ("USPTO"). *See* serial numbers 86317484, 88728289, 86321480, 86363177, 88119003. Ms. Erlanger has therefore exhibited a sophisticated understanding of how to use the strictures of intellectual property law to protect her business assets.

23. The wrongful acts of Defendant have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid seeks a declaration that Defendant is infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

24. The above-documented infringements alone would entitle BackGrid to a potential award of up to $300,000 in statutory damages for the at-least 2 infringed photographs, in addition to its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Defendant, and her officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of BackGrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendant from her acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: May 20, 2025

**ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan
    Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

7
**COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: May 20, 2025          **ONE LLP**

By: */s/ Joanna Ardalan*
      Joanna Ardalan
      Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.